**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **BRENDA ROBINETTE**, : | |
| : | |
| **Plaintiff,** : | |
| v.                    : | 5:09-CV-319 (CAR) |
| : | |
| **CENTRAL STATE HOSPITAL,** : | |
| : | |
| **Defendant.** : | |

_____

*ORDER ON PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL*

Plaintiff Brenda Robinette, acting *pro se*, filed a complaint in this Court on September 19, 2009, in which she alleged that Defendant Central State Hospital, as her employer, unlawfully terminated her because of her race in violation of Title VII, 42 U.S.C. § 2000e-5. Thereafter, Plaintiff filed a motion to proceed *in forma pauperis,* which this Court granted. See Order on Motion to Proceed *In Forma* Pauperis, Doc. 4. In that Order, the Court also instructed Plaintiff to file an amended complaint to clarify her Title VII claims, which Plaintiff has done. See Amended Complaint, Doc. 5. Now pending before the Court is Plaintiff's Motion for the Appointment of Counsel. [Doc. 3]. For the following reasons, Plaintiff's Motion [Doc. 3] is **DENIED**.

Although the provisions of 42 U.S.C. § 2000e-5 authorize a district court to appoint an attorney for a complainant in a Title VII action, "[a]ppointment of counsel in a civil case is not a constitutional right." Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985) (citing Mekdeci v. Merrell National Laboratories, 711 F.2d 1510, 1522 n. 19 (11th Cir. 1983)). Rather, "it is a privilege that is justified only by exceptional circumstances," id. (citing Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982)), such as "where the facts and legal issues are so novel or complex as to require the

assistance of a trained practitioner." Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992) (citing Poole v. Lambert, 819 F.2d 1015 (11th Cir. 1987)). With regard to a request for court appointed counsel in a civil case, "the district court has broad discretion in making this decision." Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999); see also 28 U.S.C.A. § 1915(e)(1). A key consideration for the district court is "whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). "Where the facts and issues are simple, [the *pro se* litigant] usually will not need such help," and a request for court-appointed counsel will usually be denied. Id. When evaluating a case's complexity, it is important to determine whether the "core facts of the case are in dispute" and whether the "legal claims are straightforward." Bass, 170 F.3d at 1320. Even though "litigants undoubtedly would [be] helped by the assistance of a lawyer," if their case is not "unusual" or the circumstances "exceptional" then the district court does not abuse its discretion in denying a party's request for court-appointed counsel. Id.

In the case at bar, Plaintiff complains that she "will be going back to Ohio[,] and it will be almost impossible for [her] to come to Georgia every time there is a need to file or answer a motion in regard to the case." See Doc. 3. Plaintiff may file all responses to any motions either electronically or by U.S. mail and will not be required to personally appear at this Court. Plaintiff has shown that she is able to effectively present her position to the Court, her claims are straightforward, and her case does not present the existence of exceptional circumstances necessary to justify the appointment of counsel in a civil case at this time. See Wahl v. McIver, 773 F.2d at 1174 (finding that exceptional circumstances were not established where essential facts and legal doctrines were ascertainable without assistance of court-appointed counsel). Accordingly, Plaintiff's Motion for Appointment of Counsel [Doc. 3] is **HEREBY DENIED**.

**SO ORDERED**, this 17th day of November, 2009.

                                      S/ C. Ashley Royal\
                                      C. ASHLEY ROYAL, JUDGE\
                                      UNITED STATES DISTRICT COURT

SSH