IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **BRENDA ROBINETTE,** : | |
| : | |
| Plaintiff, : | |
| : | **Civil Action No.** |
| v. : | **5:09-CV-319 (CAR)** |
| : | |
| **THE STATE OF GEORGIA (CENTRAL** : | |
| **STATE HOSPITAL),** : | |
| Defendant. : | |
| : | |

**ORDER ON DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT**

Before the Court is Defendant's Motion for a More Definite Statement [Doc. 11] wherein Defendant contends that Plaintiff's *pro se* complaint is so vague and ambiguous that, without further information, it cannot properly prepare a responsive pleading. Thus, Defendant requests that this Court order Plaintiff to provide a more definite statement as to the alleged violations. For the following reasons, Defendant's Motion [Doc. 11] is **GRANTED**.

BACKGROUND

On September 19, 2009, Plaintiff, proceeding *pro se*, filed a form employment discrimination Complaint [Doc. 1] against the State of Georgia, specifically Central State Hospital, under Title VII of the Civil Rights Act of 1964 for unlawful race discrimination.

Plaintiff also filed a motion to proceed *in forma pauperis*. In its Order granting the motion to proceed *in forma pauperis*, this Court informed Plaintiff that her allegations in the complaint had failed to establish a claim for race discrimination. Thus, the Court set forth the standard for proving a race discrimination claim and *sua sponte* directed Plaintiff to file an amended complaint specifically providing information to support and establish such a claim.

On October 15, 2009, Plaintiff filed an Amended Complaint [Doc. 5], consisting of eight pages of narrative alluding to numerous workplace events with no delineation of topics, counts, specific claims, or numbered paragraphs. Plaintiff also attaches 89 pages of documents to her Amended Complaint, including medical records, medical test results, certifications, contracts, and other workplace documents, with no explanation of how these documents support or establish her claim.

Faced with Plaintiff's Amended Complaint and attached documents, Defendant filed the current Motion for a More Definite Statement, contending that the allegations in Plaintiff's Amended Complaint are so vague and ambiguous that Defendant is unable to formulate a response. Plaintiff filed a two page response to the Motion stating that she would like the Court to appoint her counsel and that she was discriminated against on the basis of her race and color that led to her "unjust termination" from employment.

## DISCUSSION

Appointment of Counsel

In her response to Defendant's Motion, Plaintiff requests for the second time that this Court appoint her counsel. As thoroughly explained by this Court in its November 17, 2009 Order denying Plaintiff's first motion for appointment of counsel, her case as presented thus far "does not present the existence of exceptional circumstances necessary to justify the appointment of counsel in a civil case at this time." See Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985). Thus, Plaintiff's request for appointment of counsel at this time is hereby denied.

Motion for More Definite Statement

Although this Court must liberally construe Plaintiff's *pro se* complaint, *pro se* litigants are still required to conform to the procedural rules. See Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir.1999). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). When a complaint is so vague or ambiguous that the defendant cannot reasonably prepare a response, the defendant may move the district

court for a more definite statement under Federal Rule of Civil Procedure 12(e).

Here, even under a liberal construction of Plaintiff's complaint, Defendant cannot reasonably prepare a response to Plaintiff's Amended Complaint because Plaintiff's allegations are so vague and ambiguous. As pointed out by Defendant, Plaintiff refers to a myriad of potential claims, including: (1) "favoritism" towards a "lighter complected" co-worker; (2) bringing "these issues" to the attention of her supervisor; (3) complaints of an "OSHA violation"; (4) "several incidents" in which a co-worker was treated better than Plaintiff by her supervisor; (5) an allegation of "an incident report that was fabricated"; (6) an allegation that she was improperly discharged from her employment; and (7) an allegation that her supervisor possessed a "racist mind." (Am. Compl., Doc. 6, pp. 2, 5-7). Moreover, Plaintiff's Amended Complaint fails to include a statement concerning jurisdiction or venue and has not been organized into short, clearly delineated paragraphs or counts so that Defendant can ascertain the nature and number of Plaintiff's claims. Because Plaintiff's Amended Complaint is deficient in identifying her causes of action, this Court must order her to submit a more definite statement of her claims consistent with the Federal Rules of Civil Procedure and prevailing Eleventh Circuit case law.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for a More Definite Statement

[Doc. 11] is hereby **GRANTED**. Plaintiff shall have **fourteen (14) days** from the date of this Order to file a second amended complaint clearly setting forth the laws Plaintiff contends Defendant violated, how such laws were violated, and the relief Plaintiff requests for the alleged violations. Moreover, Plaintiff must include a statement concerning jurisdiction, see Fed. R. Civ. P. 8(a), and Plaintiff's claims must be stated in separate numbered paragraphs, see Fed. R. Civ. P. 10(b). If practicable, each numbered paragraph should be confined to a single set of circumstances. See Fed. R. Civ. P. 10(b). Failure to comply with the terms of this Order may result in dismissal of this case.

    **SO ORDERED**, this 12th day of April 2010.


                                  S/ C. Ashley Royal
                                  C. ASHLEY ROYAL
                                  UNITED STATES DISTRICT JUDGE

SSH